Case 1:10-cv-08707-HBP   Document 18   Filed 08/12/11   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

KEMP McCOY,                              :

              Petitioner,        :
                                               10 Civ. 8707 (HBP)
  -against-                             :
                                               MEMORANDUM OPINION
LEO BISCEGLIA, Superintendent,           :    AND ORDER

              Respondent.       :

----------------------------------X

        PITMAN, United States Magistrate Judge:

        Petitioner, an inmate in the custody of the New York State Department of Correctional Services, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction violated certain of his federally protected rights. By motion dated November 29, 2010 (Docket Item 2), petitioner seeks to have counsel appointed to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. For the reasons set forth below, the motion is denied without prejudice to renewal.

        It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one; rather the appointment of counsel in such a proceeding is a matter of discretion. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v. United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986);

Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001). Accordingly, petitioner's application should be analyzed in the same manner as any other application for pro bono counsel in a civil case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge

2

should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> > stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the Court of Appeals] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the Court of Appeals] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

I am willing to assume that petitioner lacks the resources to retain counsel because he is incarcerated. Although he provides no information on the subject, I am also willing to assume that petitioner needs an attorney because he has no legal training. However, petitioner's application establishes none of the other elements relevant to an application for counsel. For example, petitioner provides no information concerning the steps, if any, he has taken to find an attorney on his own.

In addition, it does not appear at this time that petitioner's claims are sufficiently meritorious to warrant the

3

appointment of counsel. Respondent has filed a motion to dismiss the petition on the ground that it is time barred. I have reviewed respondent's motion, and although I have not come to a conclusion concerning the motion, it appears to have substance. To date petitioner has not filed any response to the motion despite having been granted an extension. Because there are serious questions concerning the timeliness of the petition, the appointment of counsel is not warranted at this time.

Accordingly, for all the foregoing reasons, petitioner's motion for the appointment of counsel pursuant to the Criminal Justice Act is denied without prejudice to renewal. Any renewed application should be accompanied by an affidavit establishing the merits.

Dated:  New York, New York
        August 12, 2011

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Kemp McCoy
DIN 04-A-4686
Otisville Correctional Facility
57 Sanitorium Road
P.O. Box 8
Otisville, New York  10963-0008

Nancy Killian, Esq.
Assistant District Attorney
Bronx County
198 East 161 Street
Bronx, New York  10451