UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

KEMP McCOY,                          :

                Petitioner,  :

  -against-                         :

LEO BISCEGLIA, Superintendent,       :

                Respondent.  :

-----------------------------------X

10 Civ. 8707 (HBP)

MEMORANDUM OPINION
AND ORDER



       PITMAN, United States Magistrate Judge:

       Petitioner, an inmate in the custody of the New York State Department of Correctional Services, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction violated certain of his federally protected rights. The parties have consented to my exercising plenary jurisdiction in this matter pursuant to 28 U.S.C. § 636(c).

       On or about March 29, 2011, respondent moved to dismiss the petition on the ground that it was untimely. Although petitioner did oppose the motion, he subsequently sent me a letter dated August 24, 2011 in which he seeks to withdraw his habeas petition without prejudice. Although the letter is not entirely clear, petitioner appears to be saying that he seeks to overturn his conviction on the ground of actual innocence, that he believes he does not presently have adequate evidence of

actual innocence and that he wanted to avoid the obstacles to filing a second habeas corpus petition should he succeed in obtaining evidence of actual innocence in the future.[1]

Petitioner's application to withdraw his petition without prejudice is granted.  Although respondent has already borne the burden of drafting the motion to dismiss the petition, granting petitioner's application to withdraw the petition will not prejudice respondent in any way.  If petitioner ever attempts to re-assert the claims, respondent can simply re-file his currently-pending motion to dismiss.  If, on the other hand, petitioner does succeed in acquiring sufficient evidence of actual innocence, considerations of Due Process may require that a renewed petition be considered on the merits regardless of the outcome of this petition.  See generally Friedman v. Rehal, 618 F.3d 142, 152 (2d Cir. 2010) ("A claim of actual innocence could provide a basis for excusing [a] late filing . . . ."); Whitely v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003) (Although the court declined to hold that there is an "actual innocence" exception to 28 U.S.C. § 2244's limitations period, it did hold that the summary dismissal of an actual innocence claim as time barred was error.); Triestman v. United States, 124 F.3d 361,

---

[1] Petitioner's August 24, 2011 letter is being docketed contemporaneously with this opinion and order.

377-380 (2d Cir. 1997) (discussing "serious" constitutional concerns that would arise if AEDPA were interpreted to bar judicial review of certain actual innocence claims).

Accordingly, the petitioner's application to withdraw the petition without prejudice is granted.  The Clerk of the Court is directed to mark this matter and the pending motion to dismiss (Docket Item 15) as closed.

Dated:  New York, New York
        March 8, 2012

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Kemp McCoy
DIN 04-A-4686
Wyoming Correctional Facility
3203 Dunbar Road
P.O. Box 501
Attica, New York  14011-0501

Nancy Killian, Esq.
Assistant District Attorney
Bronx County
198 East 161 Street
Bronx, New York  10451

motion
pkg



AUG 29 2011

Mr. Kemp McCoy 04-A-4686
Otisville Correctional Facility
P.O. Box 8
Otisville, New York 10963

August 24, 2011

Clerk of the Court
Courtroom of the Honorable Judge Pitman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Your Honor:
Sir, I recently forwarded to you my reply to the Respondent's opposition, and was left with the impression that you will be rendering a decision within the month of September based on your Order denying me Counsel.

As you know Sir, that I am myself a layman in the field of legal research and writing and at times can be over zealous in the research for case laws that may seem applicable to my case. After having read volumes of case law, and my situation closely I've come to understand that the only thing that can truly benefit a person who has been unlawfully confined is tangible substantiation, which is what I've been trying to obtain. Sir, I've been fighting for this substantiation, i.e., "Tactical Report," for nearly ten years now, and each agency for whatever reason, still denies me access to this material.

It becomes severely discouraging that, through FOIL request, and then Article 78 against One Police Plaza to have the courts hold in the Respondent's opposition that my Article 78 should be dismissed in its entirety, because, "I intend to use the document, i.e., "Tactical Report," solely for the purposes of exonerating myself," and then receive an unfavorable decision. It becomes overly discouraging when the Acting Supreme Court Judge forwards my Article 78 against the Bronx District Attorney's Office, and the 42nd Precinct (consolidated), to the Judge in charge of the proceedings of the Article 78 against One Police Plaza to be able to make a ruling on both Article 78's (because of them being of the same nature), only for me to correspond with the Clerk of the Manhattan court to confirm the receipt of the Bronx Article 78, who in turn does not return correspondence for sixteen months, and then after sixteen months informs me that there was absolutely no record of receiving my Article 78 from the Bronx.

It becomes utterly discouraging sir, to have the trial Judge, in his Decision and Order of my 440 state that, "The people urge the court to believe that the Tactical Report was handed over to the Defense. However, they offer no proof in the form of receipt, etc. Therefore, this court is not willing to conclude that this document was handed over to the Defense," and on top of that, not even grant a hearing, to get to the truth of this matter.

As I have gone throughout this thrift ordeal knowing that two officers can not barge their way into someone's apartment, minus exigent circumstances, committing a warrantless non-consensual entry into someone's dwelling, find absolutely nothing after searching, arrest someone (myself), and then take me outside and hand me over to another officer who was charged with driving/escorting the prisoner van containing several detainees, who never had the opportunity to step foot inside of that building/apartment, but was standing outside in front of the prisoner van with the door wide open, with the null where I was passed off to him, places his name on all paperwork as being the arresting officer, testifies at the grand jury (creating a smoke screen of this ever coming up void as a jurisdictional defect), pre-trial hearings, and trial, giving an eyewitness testimony as to what transpired inside of that building that he never entered nor had the opportunity to eyewitness what transpired inside of that building/apartment that I was also not present. Meanwhile, the two arresting officers that barged their way into that apartment never show up on dates and never testify and it is only for me to prove this is through this very civil lawsuit that I've been fighting for, for a decade now, that according to the testimony of that alleged arresting officer during discovery it "everyone's assignment on the night in question."

That said, I have determined to fight with all hopes that at least one courtroom would have been able to look at my claim and correct a wrong that has been infirming me for a decade now, but I am constantly reminded that, you could possibly expect anyone to furnish a document that would undoubtedly show that this (A.D.A.) knowingly allowed an innocent man to be convicted based on perjured testimony that this A.D.A. exercised on three occasions, and was not ethically equipped to correct when this A.D.A. knew was wrong. Therefore, this A.D.A. could not possibly allow this document (Tactical Report) to be produced, and even went to the unethical length of lying to the trial Judge who asked, "Have the people handed over all Rosario material?," and this A.D.A. responding, "Yes we have Your Honor."

In light of every thing I've done, and all of the obstacles I have been faced with, I have come to the conclusion that I would rather have my writ of Habeas Corpus withdrawn, than to allow you to make a ruling sir that could possibly bar me from being able to further pursue the issues presented in my motion that seem to be impossible for me to obtain substantiation for.

In making this decision sir, I apologize for any inconvenience that I may have caused, and I pray that you will also not only understand me being unlawfully confined with no recourse, but that this may be my only option in light of all of the impediments I have been faced with.

Thank you for your time, patience and understanding your Honor, and I pray that I have done the right thing sir.  Enjoy your day, sir.

Respectfully Signed,

*[signature]*