UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

KEMP McCOY,                              :

                    Petitioner,         :

                                                    10 Civ. 8707 (HBP)
     -against-                          :
                                                    MEMORANDUM OPINION
LEO BISCEGLIA, Superintendent,          :           AND ORDER

                    Respondent.         :

------------------------------------X

                    PITMAN, United States Magistrate Judge:

          Petitioner, an inmate in the custody of the New York
State Department of Correctional Services, commenced this habeas
corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his
conviction violated certain of his federally protected rights.
The parties have consented to my exercising plenary jurisdiction
in this matter pursuant to 28 U.S.C. § 636(c).

          On or about March 29, 2011, respondent moved to dismiss
the petition on the ground that it was untimely.  Although
petitioner did oppose the motion, he subsequently sent me a
letter dated August 24, 2011 in which he seeks to withdraw his
habeas petition without prejudice.  Although the letter is not
entirely clear, petitioner appears to be saying that he seeks to
overturn his conviction on the ground of actual innocence, that
he believes he does not presently have adequate evidence of

actual innocence and that he wanted to avoid the obstacles to
filing a second habeas corpus petition should he succeed in
obtaining evidence of actual innocence in the future.[1]

Petitioner's application to withdraw his petition
without prejudice is granted.  Although respondent has already
borne the burden of drafting the motion to dismiss the petition,
granting petitioner's application to withdraw the petition will
not prejudice respondent in any way.  If petitioner ever attempts
to re-assert the claims, respondent can simply re-file his
currently-pending motion to dismiss.  If, on the other hand,
petitioner does succeed in acquiring sufficient evidence of
actual innocence, considerations of Due Process may require that
a renewed petition be considered on the merits regardless of the
outcome of this petition.  See generally Friedman v. Rehal, 618
F.3d 142, 152 (2d Cir. 2010) ("A claim of actual innocence could
provide a basis for excusing [a] late filing . . . ."); Whitely
v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003) (Although the
court declined to hold that there is an "actual innocence"
exception to 28 U.S.C. § 2244's limitations period, it did hold
that the summary dismissal of an actual innocence claim as time
barred was error.); Triestman v. United States, 124 F.3d 361,

---

[1]Petitioner's August 24, 2011 letter is being docketed
contemporaneously with this opinion and order.

377-380 (2d Cir. 1997) (discussing "serious" constitutional
concerns that would arise if AEDPA were interpreted to bar
judicial review of certain actual innocence claims).

        Accordingly, the petitioner's application to withdraw
the petition without prejudice is granted.  The Clerk of the
Court is directed to mark this matter and the pending motion to
dismiss (Docket Item 15) as closed.

Dated:  New York, New York
        March 8, 2012

                                SO ORDERED

                                _____
                                HENRY PITMAN
                                United States Magistrate Judge

Copies mailed to:

Mr. Kemp McCoy
DIN 04-A-4686
Wyoming Correctional Facility
3203 Dunbar Road
P.O. Box 501
Attica, New York  14011-0501

Nancy Killian, Esq.
Assistant District Attorney
Bronx County
198 East 161 Street
Bronx, New York  10451



Mr. Kemp McCoy #04-A-4686
Otisville Correctional Facility
P.O. Box 8
Otisville, New York  10963

August 24, 2011

Clerk of the Court
Courtroom of the Honorable Judge Pitman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Dear Your Honor:

Sir, I recently forwarded to you my reply to the Respondent's
opposition, and was left with the impression that you will be
rendering a decision within the month of September based on your
Order denying me Counsel.

As you know Sir, that I am right's away at the mercy of legal
education and writing and at times can be over zealous in the
execution of the issues that may seem applicable to my case.
After having read volumes 'n' 'n' of law, I've slowly come
I've come to understand that the only thing that a state-
prepared petition who has been unlawfully confined is tangible
substantiation, which is something that I am unable to obtain.
Sir, I've been fighting for this substantiation, i.e., "Tactical
Report" for a couple of years now, and each agency for whatever
reason, still denies me access to this material.

It becomes mindful, discouraging that, through FOIL request, and
then Article 78 against One Police Plaza, to have the courts told
in the respondent's opposition that my Article 78 should be
dismissed in its entirety, because, "I intend to use the
document, i.e., "Tactical Report," solely for the purposes of
exonerating myself," and then receive an unfavorable decision.
It becomes vastly discouraging when the Acting Supreme Court
Judge forwards my Article 78 against the Bronx District
Attorney's Office, and the 42nd precinct (consolidated), to the
Judge in charge of the proceedings of the Article 78 against One
Police Plaza to be able to make a ruling on both Article 78's
(because of them being of the same nature), only for me to
correspond with the clerk of the Manhattan court to confirm the
receipt of the Bronx Article 78, who in turn does not return
correspondence for sixteen months, and then after writing again,
informed me that there was absolutely no record of receiving my
Article 78 from the Bronx.

It becomes utterly discouraging sir, to have the trial Judge, in his Decision and Order of my 440 state that, "The people urge the court to believe that the Tactical Report was handed over to the Defense.  However, they offer no proof in the form of receipt, etc.  Therefore, this court is not willing to conclude that this document was handed over to the Defense," and th... court not even grant a hearing to get to the truth of this matter.

As I have gone through... this entire ordeal knowing what two officers can not barge their way into someone's apartment, minus exigent circumstances, committing a warrantless non-consensually entry into someone's dwelling, then absolutely nothing after searching, arrest someone (myself), and then take me outside, and hand me over to another officer who was charged with driving, watching the prisoner... the arresting officer... who never had the opportunity to step foot inside of that building/apartment, but was standing outside in front of the prisoner van with the door wide open, who in fact was... I was passed off by the... who had his hand on the rear of... behind the arresting officer, testifies at the grand jury (creating a smoke screen of... in order to hold up a prosecution's detect), pre-trial hearings, and trial, giving an eyewitness testimony as to what transpired inside of that building that he never entered not had the opportunity to experience that testimony... inside of that building/apartment can not assist in arrest.  Meaning the two arresting officers that barged their way into that apartment never show up at the... the... what I've been fighting for, for a decade now, that according to the testimony of that exigent... driven away because of... "everyone's assignment on the night in question."

That say, I have defaulted to... with the hope that on these one courtroom would have been able to look at my 440 and correct a wrong that has been harming me for a decade now, but I am absolutely terrified that, now there's a possibility that... anyone to furnish a document that would not physically have... this (A.D.A.) knowingly allowed an innocent man to be convicted based on perjured testimony that was... because... on three occasions, and was not ethically required to disclose that this A.D.A. knew was wrong.  Therefore, this A.D.A. could not possibly alter this document (Tactical Report) to be produced, and then went to the unethical length of lying to the trial Judge when asked, "Have the people handed over all Rosario material?," and this A.D.A. responding, "Yes we have Your Honor."

In light of everything I've done, and all of the obstacles I have been faced with, I have come to the conclusion that I would rather have my writ of habeas corpus withdrawn, than to allow you to make a ruling on it that could possibly bar me from being able to further pursue the issues presented in my motion that seem to be impossible for me to obtain substantiation for.

In making this decision sir, I apologize for any inconvenience that I may have caused, and I pray that you are able to not only understand me being unlawfully confined with no substance, but that this may be my only option in light of all of the impediments I have been faced with.

Thank you for your time, patience and understanding, your Honor, and I pray that I have done the right thing here. Enjoy your day sir.

Respectfully signed,